IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

David Ohlrich,   )
                 )   Case No. 13 C 50391
    Plaintiff,   )
                 )
vs.              )
                 )
Village of Wonder Lake, et al.,   )
                 )   Judge Philip G. Reinhard
    Defendants.  )

## ORDER

For the reasons stated below, defendant McHenry County Sheriff Keith Nygren's motion to dismiss count III [11] is denied and defendant Timothy Harding's motion to strike plaintiff's request for punitive damages in count IV [20] is denied.

## STATEMENT-OPINION

On December 23, 2013, plaintiff David Ohlrich filed a six-count complaint against the Village of Wonder Lake, Wonder Lake Police Officer Timothy Harding, McHenry County, McHenry County Sheriff Keith Nygren, and McHenry County Sheriff's deputy Steven Nulle (collectively "defendants"). [1] In his complaint, plaintiff brings an excessive force claim under 42 U.S.C. § 1983 against defendants Harding and Nulle (count I), a failure to intervene claim under 42 U.S.C. § 1983 against defendants Harding and Nulle (count II), a *Monell* claim under 42 U.S.C. § 1983 against defendant Keith Nygren (count III), a state law battery claim against defendants Harding and Nulle (count IV), a state law *respondeat superior* claim against the Village of Wonder Lake and defendant Nygren (count V), and a state law indemnification claim against the Village of Wonder Lake and McHenry County (count VI). All of plaintiff's claims relate to his arrest and subsequent criminal proceedings that occurred in December 2012.

The complaint states plaintiff was arrested on December 25, 2012 and was charged with domestic battery. [1] ¶¶ 14, 33. On the said date, plaintiff's sister was visiting for the Christmas holiday. [1] ¶ 16. Allegedly, in the early evening hours on December 25th, plaintiff's sister began to experience chest pains and called 911. [1] ¶ 17. When this occurred, plaintiff claims he had fallen asleep watching television. [1] ¶ 15. Apparently, plaintiff was still asleep when the Wonder Lake Fire Department and Wonder Lake Police Officer Timothy Harding and McHenry County Deputy Sheriff Steven Nulle responded to the call and arrived at his residence.

1

When the authorities arrived, plaintiff's sister spoke to paramedics outside the residence and reported that she was experiencing chest pains. Plaintiff contends his sister never mentioned anything regarding a domestic disturbance and instead only complained of chest pains. Despite this, plaintiff alleges officers Harding and Nulle entered his home and "violently grabbed" him and "slammed him to the floor." [1] ¶ 24. He claims he did not attempt to resist the officers, but they proceeded to kick and strike him anyway. Plaintiff alleges that the officers eventually handcuffed him excessively tight and informed him he was under arrest for domestic battery. He believes the basis for the arrest was a false report Harding submitted which stated that plaintiff's sister had reported plaintiff was beating her. [1] ¶ 30. Plaintiff reiterates that his sister never complained about an alleged battery on the date in question. [1] ¶ 33. Ultimately, on March 18, 2013, plaintiff's domestic battery charges were *nolle prosse'd*. *Id.*

Plaintiff claims he suffered injuries as a result of the arrest on December 25, 2012. [1] ¶ 35. He states that after he was released from jail, he received medical treatment for these injuries. These allegations form the basis of plaintiff's excessive force claim (count I), his failure to intervene claim (count II), and his state law battery claim (count IV) in the instant case.

Count III of plaintiff's complaint sets forth a *Monell* claim under 42 U.S.C. § 1983. [1] ¶¶ 43-48. In count III, plaintiff alleges defendant Keith Nygren is liable in his official capacity as McHenry County Sheriff because the incident that occurred on December 25, 2012 was the result of a pattern and practice of Nygren failing to properly supervise his officers. [1] ¶ 44. Plaintiff also claims the McHenry County Sheriff's Department has policies or customs of 1) effectuating false arrests; 2) using excessive force; 3) invoking a code of silence where officers intentionally fail to report the misconduct of their colleagues, 4) failing to adequately supervise and discipline officers; and 5) failing to adequately investigate complaints against officers. [1] ¶ 45.

Counts V and VI assert claims for *respondeat superior* and indemnification respectively. [1] ¶¶ 53-56. These claims are asserted against the Village of Wonder Lake, McHenry County, and McHenry County Sheriff Keith Nygren.

Defendants Timothy Harding, the Village of Wonder Lake, McHenry County, and McHenry County Sheriff's deputy Steven Nulle have answered the complaint. *See* [13]; [18]; [19]. Defendant Keith Nygren has answered a portion of the complaint, but has also filed a motion to dismiss count III. *See* [11]. In his motion, Nygren argues that count III must be dismissed because it fails to satisfy the plausibility standard of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and its progeny. *See id.*

Defendant Timothy Harding has filed a motion to strike plaintiff's request for punitive damages in count IV. *See* [20]. In his motion, Harding argues Illinois' Tort Immunity Act prevents an award of punitive damages with respect to plaintiff's state law battery claim.

Plaintiff has responded to both motions. *See* [23]; [30]. He argues that the Nygren's motion to dismiss should be denied because the complaint sets forth sufficient factual allegations

to satisfy the federal pleading standards. He claims the motion to strike should be denied because the plain language of the Illinois Tort Immunity Act does not indicate an absolute bar of punitive damages with respect to police officers. The court will address each motion in turn.

### A. Defendant Nygren's Motion to Dismiss Count III [11]

Defendant Nygren argues that count III of plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). He contends the complaint fails to provide sufficient factual details to support a *Monell* claim and because of this, count III does not satisfy the federal notice pleading standards.

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

In count III, plaintiff alleges that the events that occurred on December 25, 2012, were a result of "a pattern and practice of [d]efendant Nygren [] failing to properly supervise his officers." [1] ¶ 44. Plaintiff also claims the McHenry County Sheriff's Department has a handful of unconstitutional policies and defendant Nygren is liable because he was the "official policymaker within the McHenry County Sheriff's Department[.] . . ." [1] ¶ 48.

Defendant Nygren argues these allegations are insufficient and merely set forth a "formulaic recitation of the elements" of a *Monell* claim. [11] at 3 (citing *Twombly*, 550 U.S. at 555.). The court disagrees.

To establish *Monell* liability, plaintiff "must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). Plaintiff can demonstrate this by alleging (1) an actual official policy; (2) a widespread practice or custom; or (3) a deliberate act from an employee with final policy-making authority. *See id.* at 834; *see also Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012) (citations omitted).

Here, plaintiff proceeds under the third option. He claims Nygren is an official policymaker and is liable for failing to supervise his officers and for "overlooking and preserving the unconstitutional practices, policies, and customs" of effectuating false arrests, using excessive force, condoning a code of silence, failing to discipline officers for misconduct, and failing to adequately investigate complaints against officers. [1] ¶¶ 47; 45. Plaintiff claims

Nygren's inaction amounts to deliberate indifference. He also alleges that Nygren's failure to correct the above practices and customs caused his constitutional rights to be violated.

Supervisors and individuals with final policy making authority "need not participate directly in the deprivation [of civil rights] for liability to follow under § 1983." *Backes v. Village of Peoria Heights, Ill.*, 662 F.3d 866, 869-70 (7th Cir. 2011). Indeed, so long as the supervisors "know about the conduct and facilitate it, condone it, or turn a blind eye for fear of what they might see," they can be held liable. *Id.* at 870 (citations omitted). Stated differently, supervisors may be held liable under § 1983 if they acted "either knowingly or with deliberate indifference." *Id.* A plaintiff can plead deliberate indifference by alleging facts that would establish "either (1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029-30 (7th Cir. 2006).

Here, plaintiff has alleged that defendant "Nygren fail[ed] to properly supervise his officers." [1] ¶ 44. He also alleges that defendant Nygren "acted with deliberate indifference to the rights of Plaintiff" by "maintaining, overlooking and preserving unconstitutional practices, policies and customs . . . " [1] ¶ 47. He cites the unconstitutional policies of effectuating false arrests, using excessive force, condoning a code of silence, failing to adequately supervise and discipline officers, and failing to investigate complaints against officers. [1] ¶ 45.

While the court acknowledges these allegations barely satisfy the federal pleading standards and state a claim that is facially plausible, at this stage in the litigation the court finds them sufficient. *See Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013) (citing *Fail-Safe v. A.O. Smith Corp.*, 674 F.3d 889, 892 (7th Cir. 2012) (reinforcing the well-established standard that a court must accept the alleged factual content in a plaintiff's complaint as true, draw all reasonable inferences in the plaintiff's favor, and determine whether with that information, the plaintiff has stated a plausible claim for relief at the motion to dismiss stage.). The Seventh Circuit has routinely held that *Monell* claims are not subject to heightened pleading standards. *See Estate of Sims ex rel Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (stating that "a federal court may not apply a heightened pleading standard more stringent than the usual Rule 8(a) pleading requirements" with respect to *Monell* claims.); *see also Teesdale*, 690 F.3d at 833. Because of this, and because the court must accept plaintiff's allegations as true and draw all reasonable inferences in his favor, count III survives dismissal. *See Freeman v. City of Milwaukee*, No. 13-CV-918-JPS, 2014 WL 197912 at *7-*10 (E.D. Wis. Jan. 15, 2014) (denying a defendant's motion for judgment on the pleadings with respect to a plaintiff's *Monell* supervisor liability claim because the complaint alleged, among other things, that supervisors received complaints of illegal conduct, but turned a blind eye.); *see also Riley v. County of Cook*, 682 F. Supp. 2d 856, 861-62 (N.D. Ill. 2010) (refusing to dismiss a plaintiff's *Monell* claim against individual defendants in their official capacities, because the complaint alleged that the defendants had policymaking authority to implement appropriate procedures, but failed to do so and this amounted to deliberate indifference).

That said, the court reminds plaintiff that he will have to provide significant evidentiary support for his *Monell* claim to survive summary judgment. At summary judgment, he will have to provide evidence that defendant Nygren has policy making authority and will have to show evidence of the alleged unconstitutional widespread practices. *See Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). However, at this point in the litigation, plaintiff's allegations are enough to survive dismissal and defendant Nygren's motion to dismiss count III [11] is denied.

### B. Defendant Harding's Motion to Strike Plaintiff's Request for Punitive Damages in Count IV [20]

Defendant Harding has filed a motion to strike plaintiff's request for punitive damages in count IV, plaintiff's state law battery claim. *See* [20]. In his motion, Harding argues the Illinois Tort Immunity Act ("the Act") prevents an award of punitive damages because Harding was acting in the scope of his employment as a police officer at the time of the alleged battery. Plaintiff responds that the Act does not cover police officers sued in their individual capacities and the plain language of the statute does not support Harding's contentions.

Section 2-102 of the Illinois Tort Immunities Act states that a "public official" cannot be liable for punitive damages in certain circumstances. Specifically it provides:

> [A] local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

745 ILCS 10/2-102 (West 2012).

Thus, as the statute indicates, Section 2-102, would shield defendant Harding from punitive damages if (1) his is considered a "public official;" and (2) he allegedly battered plaintiff "while serving in an official . . . capacity." *Id.*

Plaintiff argues Harding is not a "public official" and points out that because he is suing Harding in his individual capacity (*see* [1] ¶ 6), the statute does not apply and Harding is not shielded from punitive damage liability. One district court analyzed this issue and rejected a similar argument. *See Reese v. May*, 955 F. Supp. 869, 875-76 (N.D. Ill. 1996). However, another district court in Illinois recently rejected the holding in *Reese* and accepted the argument. *See Gay v. City of East Moline*, No. 4:12-CV-4066-SLD-JAG, 2013 WL 5366101 at *4 (C.D. Ill. Sept. 25, 2013). In *Gay*, the court held that police officers sued in their personal capacities are not public officials within the meaning of the statute and therefore are not shielded from punitive damage liability. *See id.*

5

Upon researching this issue, it is clear that a number of Illinois district courts have diverging opinions regarding whether Section 102 prevents an award of punitive damages if a defendant police officer is serving in his official capacity at the time of the incident, but is being sued in his individual capacity. *Cf. Bedenfield v. Schultz*, No. 01-C-7013, 2002 WL 1827631 at *10 (N.D. Ill. Aug. 7, 2002) (allowing for recovery of punitive damages in suit against officer in individual capacity); *and McCray v. Herman*, No. 99-C-1495, 2000 WL 684197 at *3 (N.D. Ill. May 23, 2000) (same); and *Reese,* 955 F. Supp. at 875-76 (finding that defendant police officers were immune from punitive damages because they were performing unique governmental functions associated with their police duties.). This split in authority combined with the fact that the Illinois Supreme Court has yet to squarely address this issue, causes this court to decline to make a determination at this stage in the litigation. *See Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1029 (N.D. Ill. 2003) (declining to decide whether police officer defendants were immune from punitive damages under section 2-102 and noting that the statute was unclear and had not been interpreted by Illinois courts). Harding is permitted to reassert his arguments at summary judgment after the parties have engaged in discovery. At this time, the court will likely have more evidence relating to the alleged battery and will have more information regarding whether Harding was acting in his official capacity at the time of the incident. Accordingly, the court denies defendant's Harding's motion to strike [20] plaintiff's prayer for punitive damages in count IV without prejudice.

For the reasons above, defendant Nygren's motion to dismiss count III [11] is denied. Defendant Harding's motion to strike [20] plaintiff's request for punitive damages in count IV is denied without prejudice. Defendant Harding is permitted reassert his arguments at summary judgment.

Date: 5/20/2014        ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Electronic Notices (LC)

6